IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SWEET MAMA PRODUCE,. LLC., an Illinois Limited Liability Company, ) ) ) Plaintiff-Stakeholder ) ) v. ) _____ ) ) WILLIAMSON PRODUCE, INC., a North Carolina Corporation ) ) and ) ) HENDRIX BROTHERS PRODUCE, INC, a Georgia Limited Liability Company, ) ) and ) ) CNH CAPITAL AMERICA LLC, a Delaware Limited Liability Company, ) ) Defendants-Claimants. ) | Case No. FILED: JULY 2, 2008 08CV3792 JUDGE PALLMEYER MAGISTRATE JUDGE DENLOW PH |

### INTERPLEADER COMPLAINT

Plaintiff-Stakeholder Sweet Mama Produce LLC ("Sweet Mama"), by its attorneys, Robert M. Andalman and Emily R. Haus of Loeb & Loeb LLP, for its Interpleader Complaint against Defendant-Claimants Williamson Produce, Inc. ("Williamson"), Hendrix Brothers Produce, Inc. ("Hendrix"), and CNH Capital America LLC ("CNH") states as follows:

### Introduction

1. Sweet Mama is a produce broker. It agreed to broker the sale of watermelons for Hendrix, which grows watermelons. In the course of brokering sales for Hendrix, Sweet Mama came to possess proceeds that would, ordinarily, be due to Hendrix as payment for the Hendrix

watermelons that Sweet Mama helped to sell. Williamson has made a claim to some of that money, too, however, relying on an exclusive marketing agreement it had with Hendrix, about which Sweet Mama had not been aware. That agreement, if valid, provides that Williamson is entitled to $800 from the sale proceeds for every load of Watermelons that Hendrix sells. Sweet Mama also has learned that Hendrix granted a security interest in Hendrix's crops to it that CNH asserts gives it a priority over Hendrix's or Williamson's claims. Sweet Mama brokered the sale of 117 loads of Hendrix watermelons. Thus, Sweet Mama is in possession of $93,600 ($800 x 117 loads) to which Hendrix, Williamson and CNH all have claims, but concerning which Sweet Mama has no claim. Sweet Mama has filed this Interpleader complaint and will seek an order discharging Sweet Mama from this dispute and allowing it to deposit with the Court the money claimed by Hendrix, Williamson and CNH. The claimants can resolve their competing claims in Court.

## The Parties

2.      Sweet Mama is an Illinois limited liability company in the business of brokering the sales of fresh produce from growers to retailers with its principal place of business at 100 Lexington Drive, Suite 201, Buffalo Grove, Illinois 60089.

3.      Hendrix is a Georgia limited liability company in the business of growing fresh produce with its principal place of business at 3603 Adabelle Road, Register, Georgia 30452.

4.      Williamson is a North Carolina corporation in the business of wholesaling, packing and shipping fresh produce with its principal place of business at 1501 Ralston Street, Wilson, North Carolina 27895.

5.      CNH is a Delaware limited liability company in the business of financing with its principal place of business at 5729 Washington Avenue, Racine, Wisconsin.

**Jurisdiction**

6. Because Sweet Mama, Williamson, Hendrix and CNH are each citizens of different states, and the amount in controversy in this matter exceeds $75,000, this Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332.

**Venue**

7. Venue is proper in the Eastern Division of the Northern District of Illinois because a substantial part of the events giving rise to the claimants' competing claims, as set forth below, occurred within this division and district. Moreover, both claimants have reached into the State of Illinois to either do business with Sweet Mama (in the case of Hendrix) or else to lay claim to money held by Sweet Mama in Illinois. *See* 28 U.S.C. § 1391(a)(2) and (3).

**Facts**

8. Beginning in or about May 2008, Sweet Mama agreed with Hendrix to broker the sale of watermelons grown by Hendrix in exchange for a brokerage fee. This meant that Sweet Mama would find buyers for Hendrix watermelons and would broker those sales. The buyers would pay Sweet Mama. Sweet Mama would then pay Hendrix for the watermelons, subject to Sweet Mama's brokerage fee, transportation costs, adjustments for any rejected loads and the like.

9. Pursuant to its agreement with Hendrix, Sweet Mama brokered the sale of a total of 117 loads of Hendrix watermelons.

10. On or about June 14, 2008, Sweet Mama received a notification from R. Williamson of Williamson that Williamson had previously entered into an exclusive marketing agreement (the "Marketing Agreement"). Williamson asserted that Hendrix's sales of watermelons through Sweet Mama were in violation of the Marketing Agreement. Williamson provided a copy of the Marketing Agreement to Sweet Mama and the Marketing Agreement does

provide for Williamson to be paid a commission of "$800 per load, to be deducted from the sales proceeds" for every load of Hendrix watermelons sold. Williamson's letter was the first that Sweet Mama had heard of the Marketing Agreement.

11.     After receiving Williamson's letter, Sweet Mama contacted Hendrix to inquire as to the validity of Williamson's claim. Hendrix stated that Williamson was in breach of the Marketing Agreement and that, accordingly, Hendrix considered that agreement to be null and void.

12.     Subsequent to these initial contacts, Hendrix has made demands to Sweet Mama for all the net proceeds owed to Hendrix from the sales of Hendrix watermelons brokered by Sweet Mama. Williamson has made demands for those same funds. Although Williamson asserts additional claims against Hendrix, with regard to specific amounts owed to Williamson that were to be deducted from the sale of Hendrix watermelons, Williamson has identified only the $800 per load amount specified in the Marketing Agreement. Williamson has also threatened to sue Sweet Mama for these proceeds and has further threatened that, unless Sweet Mama turns over to either Williamson or the Court amounts well in excess of the $800 per load that the Marketing Agreement provides, Williamson will contact Sweet Mama's customers and suggest that Sweet Mama is somehow in collusion with Hendrix to the detriment of Williamson or even to suggest that Sweet Mama lacked title to the watermelons that it sold because of Williamson's claim against Hendrix.

13.     On June 25, 2008, CNH gave Sweet Mama notice of its security interest in Hendrix's watermelon crop, which CNH claims gives it a superior claim to all or part of the money at issue. CNH stated that "[d]emand is hereby made upon you if the Debtor [Hendrix] sells at your facility. Any check payable for any crops shall be made payable jointly to the

Debtor and to CNH Capital." Sweet Mama has previously been aware of CNH's interest in the Hendrix crop.

14. Sweet Mama takes no position in the dispute between Hendrix and Williamson. In fact, Sweet Mama is in doubt as to which of Hendrix or Williamson has the superior claim to the proceeds that Sweet Mama holds in the amount of $93,600 ($800 x 117 loads). Similarly, Sweet Mama takes no position as to priority of the security interest of CNH.

**WHEREFORE**, Sweet Mama Produce, LLC, prays that:

(1) The Defendant-Claimants be required to interplead and settle between themselves their rights to the identified proceeds;

(2) It be allowed to deposit the amount of $93,600 with the Clerk of the Court;

(3) It be discharged from any other or further liability relating to those proceeds;

(4) The Defendant-Claimants be enjoined from prosecuting or attempting to prosecute or taking any further action, outside the context of this case, to collect from Sweet Mama Produce LLC any proceeds from the sale of Hendrix watermelons;

(5) It recover reasonable attorney's fees and its costs herein; and

(6) That the Court should grant such other and further relief as may be proper.

Respectfully submitted,

SWEET MAMA PRODUCE, LLC

By:   /s/ Robert M. Andalman
One of Its Attorneys

Robert M. Andalman (Atty. No. 06209454)
Emily Haus (Atty. No. 06289699)
Loeb & Loeb LLP
321 N. Clark Street
Suite 2300
Chicago, Illinois  60610
312-464-3100