# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer **RRP** | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3792 | **DATE** | 7/7/2008 |
| **CASE TITLE** | Sweet Mama Produce, LLC vs. Williamson Produce, Inc., et al | | |

**DOCKET ENTRY TEXT**

Plaintiff Sweet Mama Produce LLC has filed this interpleader action pursuant to the court's diversity jurisdiction. Unfortunately, however, Plaintiff's allegations are insufficient for the court to determine that it has jurisdiction. On or before July 21, 2008, Plaintiff is directed to file an amended complaint identifying the members, and the citizenship of each member, of itself and of the LLC Defendants. If no such amended complaint is filed, or if the amended complaint reveals that any of Plaintiff's members is a citizen of any state in which the members of Defendant LLC's are also citizens, this case will be dismissed without prejudice.

■[ For further details see text below.]

Notices mailed by Judicial staff.

# STATEMENT

Plaintiff Sweet Mama Produce LLC has filed this interpleader action pursuant to the court's diversity jurisdiction. Unfortunately, however, Plaintiff's allegations are insufficient for the court to determine that it has jurisdiction. Plaintiff alleges that it is an Illinois limited liability company; that Defendant Hendrix is a Georgia limited liability company; that Defendant Williamson is a North Carolina corporation; and that Defendant CNH is a Delaware limited liability company. The complaint does not identify the members of the LLC's nor their citizenship. Without such information, the court is unable to determine whether the Plaintiffs are diverse in citizenship from all Defendants. As the Seventh Circuit has explained:

> Given the resemblance between an LLC and a limited partnership, and what seems to have crystallized as a principle that members of associations are citizens for diversity purposes unless Congress provides otherwise (as it has with respect to corporations, in 28 U.S.C. § 1332(c)(1)), . . . [citing cases], we conclude that the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members.

*Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). *See also Belleville Catering Co. v. Champaign Market Place, L.L.C.,*, 350 F.3d 691 (7th Cir. 2003) (directing counsel who failed to recognize the absence of diversity under this principle to re-litigate their dispute in state court without charge to their clients).

On or before July 21, 2008, Plaintiff is directed to file an amended complaint identifying the members, and the citizenship of each member, of itself and of the LLC Defendants. If no such amended complaint is filed, or if the amended complaint reveals that any of Plaintiff's members is a citizen of any state in which the members of Defendant LLC's are also citizens, this case will be dismissed without prejudice.

*Rebecca R. Pallmeyer* (signature)